RONALD L. RICHMAN (SBN 139189)
SARAH BOWEN (SBN 308633)
BULLIVANT HOUSER BAILEY PC
101 Montgomery Street, Suite 2600
San Francisco, CA 94104-4146
Telephone: 415.352.2700
Facsimile: 415.352.2701
E-mail: ron.richman@bullivant.com
        sarah.bowen@bullivant.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE LABORERS TRAINING AND RE-TRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>        Plaintiffs,<br><br>vs.<br><br>WEBCOR CONSTRUCTION, LP, a California limited partnership.<br><br>        Defendant. | Case No.:<br><br>**COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND TO RECOVER UNPAID TRUST FUND CONTRIBUTIONS** |

Now comes the Plaintiffs, hereinabove named, and for their causes of action against Defendant, allege as follows:

## I. JURISDICTION AND VENUE

1. This is an action for damages for breach of the collective bargaining agreement described below, for recovery of unpaid trust fund contributions. This Court has jurisdiction of the action under and pursuant to the provisions of 29 U.S.C. §185 (§301 of the Labor

Management Relations Act of 1947, as amended) and 29 U.S.C. §§1132(a)(3) and 1132(e)(1) (§§502(a)(3) and 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended) ("ERISA"). The suit arises from defendant and signatory employer Webcor Construction, LP's failure to make trust fund contributions on behalf of its subcontractor, Union Service Company, Inc., a signatory employer, as required by its collective bargaining agreement, by the written trust agreements, and by provisions of federal law.

## II. INTRADISTRICT ASSIGNMENT

2. Venue of the within action is properly laid in the U.S. District Court for the Northern District of California in that, under ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), contributions are made to, and benefits are paid from, a corporate co-trustee bank in the Northern District of California.

## III. PARTIES

3. The Laborers Health and Welfare Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for Northern California, and Laborers Training and Retraining Trust Fund for Northern California are the Plaintiffs herein. The Laborers Health and Welfare Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for Northern California, and Laborers Training and Retraining Trust Fund for Northern California ("the Trust Funds") are trust funds organized under and pursuant to the provisions of §§302(c)(5) and 302(c)(6) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§186(c)(5) and 186(c)(6). The Trust Funds were established through collective bargaining agreements between the Northern California District Council of Laborers and employer associations representing construction industry employers doing business in Northern California. The Trust Funds are employee benefit plans created by written trust agreements subject to and pursuant to §§3(3) and 3(37) of ERISA, 29 U.S.C. §§1002(3) and (37). The Boards of Trustees, as fiduciaries, are the plaintiffs, who sue on behalf of the Trust Funds.

///

///

4. Each of the Trust Funds is a third party beneficiary of the collective bargaining agreement described below.

5. At all times mentioned herein, each of the Trust Funds was an express trust created by a written trust agreement subject to and pursuant to § 302 of the Labor Management Relations Act, 29 U.S.C. §186, and a multi-employer benefit plan within the meaning of §§3 and 4 of ERISA, 29 U.S.C. §§1002, 1003.

6. The Trust Funds provide a variety of benefits for laborers, retired laborers, and other related covered employees on whose behalf contributions are made pursuant to collective bargaining agreements. The duties of the Board of Trustees of the Trust Funds include ensuring that employers who are signatories to said collective bargaining agreements comply with the terms of those agreements with respect to payments and contributions to the Trust Funds.

7. Plaintiffs are informed and believe, and upon that ground allege, that at all times material hereto, defendant Webcor Construction, LP ("Webcor") was doing business as a general contractor with its principal place of business located in Alameda, California. Plaintiffs are further informed and believe, and upon that ground allege, that defendant Webcor is and has been an employer within the meaning of §3(5) and §515 of ERISA, 29 U.S.C. §§1002(5), 1145 and an employer in an industry affecting commerce within the meaning of §301 of the LMRA, 29 U.S.C. §185. Plaintiffs are further informed and believe, and upon that ground allege, that Union Service Company, Inc. is and has been an employer within the meaning of §3(5) and §515 of ERISA, 29 U.S.C. §§1002(5), 1145 and an employer in an industry affecting commerce within the meaning of §301 of the LMRA, 29 U.S.C. §185.

## IV. FIRST CLAIM FOR RELIEF

### (Breach of Collective Bargaining Agreement)

8. Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1-7 of this Complaint.

9. Plaintiffs are informed and believe, and upon that ground allege, that dating back to at least April 3, 2000, Webcor, through its affiliation with the Construction Employers' Association, Webcor became bound to a written collective bargaining agreement with the

Northern California District Council of Laborers ("Laborers Union") entitled the Laborers' Master Agreement For Northern California ("Master Agreement").  In agreeing to be bound to the Master Agreement, defendant agreed to be subject to and bound by all provisions and conditions of the written Trust Agreements which established the trust funds.  Pursuant to the provisions of the Master Agreement, defendant agreed to be bound by all terms relating to wages, hours and conditions of employment prescribed therein with the Laborers Union.

      10.    On or about January 4, 2018 Union Service Company, Inc. executed a Memorandum Agreement with the Northern California District Council of Laborers for a single project agreement, identified as CAC-SFO, 670 West Field Road, San Francisco, CA ("CAC-SFO Project").  By virtue of its execution of the Memorandum Agreement, Union Service Company, Inc. became bound to a written collective bargaining agreement with the Northern California District Council of Laborers ("Laborers Union") entitled the Laborers' Master Agreement For Northern California ("Master Agreement"), for the CAC-SFO Project.  In agreeing to be bound to the Master Agreement, Union Service Company, Inc. agreed to be subject to and bound by all provisions and conditions of the written Trust Agreements which established the trust funds.  Pursuant to the provisions of the Master Agreement, Union Service Company, Inc. agreed to be bound by all terms relating to wages, hours and conditions of employment prescribed therein with the Laborers Union.

      11.    By virtue of the Master Agreement and written trust agreements, defendant Webcor promised and agreed that:  (1) it would pay employee fringe benefit contributions into each Trust Fund in regular monthly installments commencing on or before the 15th day of the month immediately succeeding the month in which the employee's work was performed; (2) that in the event that any of said monthly installments were not paid in full on or before the 25th day of the month in which such contributions became due, it would pay interest on the delinquent contribution in the amount of 1.5% per month until paid in full, and would also pay the amount of $150 for each delinquent contribution as liquidated damages, and not as a penalty; and (3) that if any suit with respect to any of said contributions or payments were filed

against it, it would pay into said Trust Funds the attorneys' fees, costs and all other expenses incurred in connection with such suit.

> Section 11, Subcontractors, to the Master Agreement, states, in pertinent part:
> The terms and conditions of this Agreement insofar as it affects Employer and the Individual Employers hall apply equally to all subcontractor of any tier under the control of, or working under oral or written contract with such Individual Employer on any work covered by this Agreement to be performed at the job site or job yard, and said subcontractor with respect to such work shall be considered the same as an Individual Employer covered hereby. Subject to the provisions of this Section and any other Section of this Agreement applicable to subcontractors, if an Individual Employer shall subcontract work herein defined, such subcontract shall state that subcontractor agrees to be bound and comply with the terms and provisions of this Agreement.. ***The Individual Employer has the primary obligation for performance of all conditions of this Agreement. This obligation cannot be relieved, evaded or diminished by subcontracting. Should the Individual Employer elect to subcontract, the Individual Employer shall continue to have such primary obligation…*** [Emphasis added].

12. The Master Agreement between the Laborers Union and Webcor, and the Laborers Union and subcontractor Union Service Company, Inc., has never been terminated.

13. Plaintiffs have performed all conditions, covenants and promises on their part to be performed in accordance with the terms and conditions of the Master Agreement and Trust Agreements.

14. Within four years last past, defendant Webcor materially breached and broke the aforesaid Master Agreement and trust agreements in the following respects:

    (a) Webcor subcontracted with Union Service Company, Inc., a signatory employer, for the CAC-SFO Project. Union Service Company, Inc. reported, but failed to pay, (reported, not paid) all employee fringe benefit contributions on behalf of its covered employees for the period May- July, 2018 in the principal amount of $13,067.37, according to proof at trial. Webcor, a signatory employer and as the general contractor, has the primary obligation to pay these outstanding employee fringe benefit contributions;

      (b)      by failing to pay interest and liquidated damages on the reported, but not paid, employee fringe benefit contributions on behalf of the covered employees of Union Service Company, Inc. (reported, not paid) for the period May – July, 2018, according to proof at trial; and

      (c)      by failing to pay interest and liquidated damages on employee fringe benefit contributions that were paid, but were paid late by Union Service Company, Inc., for the period January – April, 2018, in the amount of $952.76, according to proof at trial.

15. The aforesaid material breaches proximately caused damages to plaintiffs in the following approximate amounts, all according to proof at trial: (a) for unpaid contributions (reported, not paid) in the principal amount of $13,067.37 plus interest and liquidated damages according to proof at trial; and (2) interest and liquidated damages for contributions paid, but paid late, in the amount of $952.76, according to proof at trial. Interest will continue to accrue at the rate of 1.5% each month during the pendency of this lawsuit.

16. Plaintiffs have incurred and will continue to incur attorneys' fees in the within action. Pursuant to the provisions of the Master Agreement and the trust agreements, plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

WHEREFORE, plaintiffs pray for judgment as set forth below.

## V. SECOND CLAIM FOR RELIEF

**(Recovery of Unpaid Trust Fund Contributions)**

**(ERISA §§502(g)(2), 515)**

17. Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1-17 of this Complaint.

18. ERISA §515, 29 U.S.C. §1145, requires defendant to make such contributions to the plaintiffs Trust Funds as are required under the terms of its collective bargaining agreement with the Laborers Union. Pursuant to the provisions of their trust agreements, plaintiffs are entitled to enforce defendant's obligations to make those contributions.

19. Subcontractor Union Service Company, Inc. reported, but failed to pay (reported, not paid) all employee fringe benefit contributions for the period May – July, 2018 in the principal amount of $13,067.37, according to proof at trial. Defendant Webcor, as a signatory general contractor, is obligated to pay the outstanding trust fund contributions on behalf of its subcontractor Union Service Company, Inc. as detailed above. Defendant Webcor is further obligated by the provisions of the Master Agreement and the Trust Agreements to pay interest on unpaid contributions at the rate of 1.5% per month until paid and liquidated damages in the amount of $150 for each month that defendant failed to timely report and pay all employee fringe benefit contributions into each Trust Fund.

20. Pursuant to the provisions of ERISA, §502(g)(2), 29 U.S.C. §1132(g)(2), plaintiffs are entitled to the following statutory relief:

(a) Section 502(g)(2)(A): for unpaid contributions (reported, not paid) in the principal amount of $13,067.37, according to proof at trial;

(b) Section 502(g)(2)(B): for contributions reported, but not paid, an award of interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment, calculated to be $2,242.31 through July 5, 2019; and

(c) Section (g)(2)(C): the additional award of an amount equal to the greater of (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment or; (ii) liquidated damages under the Master Agreement and trust agreements of $150 for each month that defendant failed to timely report and pay all employee fringe benefit contributions into each Trust Fund, calculated to be $2,242.31 through July 5, 2019.

///
///
///
///

21.     Plaintiffs have incurred and will continue to incur attorneys' fees in the within action. Pursuant to the provisions of §502(g)(2)(D) of ERISA, 29 U.S.C. §1132(g)(2)(D), plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

WHEREFORE, plaintiffs pray for judgment as follows:

### RELIEF REQUESTED

1.     On the First Claim for Relief, for damages for breach of the collective bargaining agreement for judgment against defendant as follows: (a) for unpaid contributions (reported, not paid) in the principal amount of $13,067.37 plus interest and liquidated damages according to proof at trial; (b) for interest and liquidated damages on contributions paid, but paid, late, in the amount of $952.76, according to proof at trial; and (c) for such other or further amounts as may be shown at trial, for costs of suit, attorneys' fees and for such other further relief as the Court may deem just and proper.

2.     On the Second Claim for Relief, for recovery under ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), for judgment against defendant as follows: (a) under Section 502(g)(2)(A) - for unpaid contributions (reported, not paid) in the principal amount of $13,067.37, according to proof at trial; (b) under Section 502(g)(2)(B) – an award of interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of delinquency, until the date of judgment, calculated to be $2,242.31 through July 5, 2019; (c) under Section 502(g)(2)(C) – the additional award of an amount equal to the greater of (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of delinquency, until the date of judgment; or (ii) liquidated damages under the Master Agreement and trust agreements of $150 for each month that defendant failed to timely report and pay all employee fringe benefit contributions into each Trust Funds, calculated to be

///

///

///

///

$2,242.31 through July 5, 2019; and (d) such other or further amounts as may be shown at trial, for costs of suit, attorneys' fees and for such other further relief as the Court may deem just and proper.

DATED:  August 14, 2019

                BULLIVANT HOUSER BAILEY PC


                By _____
                    Ronald L. Richman
                    Sarah Bowen

                Attorneys for Plaintiffs

                *****